KNOWLES (SHARPLESS v.). See Case No. 12,712.

## Case No. 7,900.

### KNOWLES v. STEWART.

[2 Cranch, C. C. 457.] [1]

Circuit Court, District of Columbia. April Term, 1824.

WITNESS—NEGOTIABLE PAPER—ACCEPTOR OF BILL —No CONSIDERATION—WITNESS' LIABILITY BARRED BY STATUTE.

1. The acceptor of an inland bill of exchange is a competent witness to prove that the bill was drawn by the defendant for the accommodation of the plaintiff, without any consideration, after being released by the defendant from liability for the costs of this action in case the plaintiff should recover.

[Cited in Bank of Alexandria v. Clarke, Case No. 844.]

2. The circumstance, that the act of limitations would be a bar to the plaintiff's action against the witness upon his acceptance if the plaintiff fails in this action against the drawer, but would be no bar to an action which this defendant might bring against the witness upon his acceptance, in case this defendant should be compelled by this suit to pay the money, does not render the witness incompetent by reason of interest.

Assumpsit, by the payee against the drawer of the defendant's inland bill on William Lee, and by him accepted, payable to the plaintiff [Thomas Knowles' administratrix] or order.

Mr. Marbury, for defendant [William Stewart], offered William Lee, the acceptor, as a witness to prove that the bill was drawn for the accommodation of the plaintiff, without any consideration as between him and the defendant; and cited Chit. Bills (Phila. Ed. 1821) 528, in a note.

Mr. Turner, for plaintiff, objected that no party to a negotiable paper can be a witness to invalidate it, or rather to prove that it was originally void; and cited Walton v. Shelley, 1 Term R. 296, and the cases referred to in the note to Chit. Bills (Phila. Ed. 1821) 528.

Mr. Marbury, in reply, cited Jordaine v. Lashbrooke, 7 Term R. 601, and Gaither v. Lee [Case No. 5,182], in this court, in June, 1820.

THE COURT (nem. con., but THRUSTON, Circuit Judge, perhaps, doubting,) said that the doctrine of Walton v. Shelley, was overruled by Jordaine v. Lashbrooke, and this court has followed the doctrine of the latter case.

Mr. Turner then objected, that the witness was interested, for, if the plaintiff recovers against the defendant, the defendant would have a right of action against the witness for the costs of this suit and the damages.

THE COURT thought this was a valid objection; but the defendant released the witness from his liability for those costs.

Mr. Turner then objected that the act of limitations would be a bar to the plaintiff's action against the witness, the acceptor, if the plaintiff fails in the present action; but it would be no bar to the action which this defendant might bring against the witness upon his acceptance, in case this defendant

[1] [Reported by Hon. William Cranch, Chief Judge.]

should be compelled in this suit to pay the money.

But THE COURT overruled the objection, and permitted Mr. Lee to be sworn and examined.